Filed 5/31/24  Wyer v. Tesla, Inc. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID WYER, | |
| Plaintiff and Appellant, | G062810 |
| v. | (Super. Ct. No. 30-2019-01118759) |
| TESLA, INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.

David Wyer, in pro. per., for Plaintiff and Appellant.

Burke, Williams & Sorensen, Cheryl Johnson-Hartwell and Keiko J. Kojima for Defendants and Respondents.

After his employment at Tesla, Inc. (Tesla) was terminated, David Wyer sued. Based on an arbitration provision in Wyer's employment agreement, Tesla obtained an order from the trial court compelling arbitration of Wyer's claims. The arbitrator found Wyer failed to prove any of his claims and awarded him no relief. On Tesla's petition, the trial court confirmed the arbitration award and entered judgment. Wyer appealed.

We affirm. Wyer has not established he was substantially prejudiced by the arbitrator's limits on permissible discovery and on the time allotted for the arbitration hearing. Nor can he show there was any ambiguity about which arbitration provision governed his claims or that the applicable provision was unconscionable.

FACTUAL AND PROCEDURAL BACKGROUND

Wyer was hired by SolarCity Corporation (SolarCity) in 2015 as an AutoCAD software engineer. Tesla acquired SolarCity in 2017, and Wyer's employment was transferred to Tesla. Wyer's employee transfer agreement (Agreement), which he signed on June 2, 2017, included an arbitration provision stating in relevant part as follows: "[T]o ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by final, binding and confidential arbitration in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ('JAMS'), or its successors, under the then current rules of JAMS for employment disputes; provided that: [¶] . . . [¶] The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute and to award such relief as would otherwise be permitted by law . . . ."

Wyer's employment with Tesla was terminated on January 18, 2019. In December 2019, Wyer (who was then represented by counsel) sued Tesla and two of its

2

employees, Wyer's direct supervisor, Christopher Rollins, and Wyer's coworker, Carson Schafer. Wyer asserted claims against the defendants for discrimination, harassment, and retaliation in violation of California's Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940 et seq.); failure to prevent discrimination, harassment, and retaliation under FEHA; failure to provide reasonable accommodations in violation of FEHA; failure to engage in a good faith interactive process to determine effective reasonable accommodations in violation of FEHA; declaratory judgment; wrongful termination in violation of public policy; negligent supervision and retention; intentional infliction of emotional distress; retaliation (Lab. Code, §§ 1102.5, 1102.6); failure to pay wages (*id.*, §§ 201, 1182.12, 1194, & 1194.2); failure to indemnify (*id.*, § 2802); failure to provide itemized wage statements and waiting time penalties (*id.*, §§ 201–203, 226 et seq.); and unfair competition (Bus. & Prof. Code, § 17200). Wyer's first amended complaint, which is the operative complaint, was filed in February 2020.

Tesla filed a petition to compel arbitration and motion to stay the litigation pursuant to the arbitration provision in the Agreement, which the trial court granted.

The arbitrator limited each party to five depositions as part of the discovery plan and allowed the parties to seek leave to take additional depositions on a showing of good cause. Eight months after the discovery plan was approved, and two months before the scheduled arbitration hearing, Wyer had taken three of his five depositions. At that time, he sought leave to depose another six individuals, as well as Tesla's person most knowledgeable (PMK) on four separate topics—for a total of at least seven, and potentially 10, additional depositions. The arbitrator found "no good cause for increasing the number of depositions at this late stage."

The arbitrator initially ordered the arbitration hearing would occur over 10 days, but the report of the preliminary hearing and scheduling order noted the length of

3

the hearing was "[s]ubject to reconsideration."[1] The arbitrator later ordered the case could be tried in a total of five days, rather than 10. In refining the time limits, the arbitrator "urged [the parties] to be selective about the witnesses they present, to introduce evidence through oral testimony when there is no other more effective means of doing so, and to stipulate as much as possible to uncontested facts." At the final status conference, the arbitrator limited the parties to 15 hours each at the arbitration hearing.

The arbitration took place via Zoom on April 29 and May 2 through 5, 2022. Wyer called 10 witnesses, including seven fact witnesses and three experts. The total time used by Tesla at the arbitration hearing was 13 hours and 34 minutes, while the total time used by Wyer was 16 hours and 17 minutes; with Tesla's concurrence, the arbitrator allowed Wyer more than the 15 hours allotted. The arbitrator issued the final award on October 4, 2022, finding Wyer failed to establish any of his claims.

Tesla filed a petition to confirm the final arbitration award pursuant to Code of Civil Procedure section 1285, and Wyer filed a petition to vacate the arbitration award pursuant to section 1286.2, subdivision (a)(5).[2] After a hearing, the trial court granted Tesla's petition to confirm and denied Wyer's petition to vacate. Judgment confirming the arbitration award was entered and Wyer, now in propria persona, filed a timely notice of appeal.

---

[1] The transcript of the scheduling hearing is not part of the appellate record. An e-mail from Tesla's counsel to JAMS reads: "The arbitration hearing in this matter is set for April 25 to May 6, 2022. At our original scheduling conference with Arbitrator Aragaki, we discussed the fact that a full 10 days was unlikely to be necessary in order to arbitrate this matter. Arbitrator Aragaki held 10 days for the hearing with the understanding that all 10 days would be unlikely to be necessary and that the parties should discuss further as the case progressed. [¶] It is Respondents' position that only 4 to 5 days will be needed in order to conduct the arbitration hearing. We met and conferred with Claimant's counsel and they prefer all 10 days. Please let us know next steps in resolving this dispute."

[2] All further statutory references are to the Code of Civil Procedure.

DISCUSSION

I.

STANDARD OF REVIEW

"The party seeking to vacate an arbitration award bears the burden of establishing that one of the six grounds listed in section 1286.2 applies and that the party was prejudiced by the arbitrator's error." (*Royal Alliance Associates, Inc. v. Liebhaber* (2016) 2 Cal.App.5th 1092, 1106.)  We review the trial court's order on the petition to vacate the arbitration award de novo, and we review the court's determinations of disputed factual issues for substantial evidence.  (*Ibid.*)

"Where a party files a petition to confirm an arbitration award pursuant to section 1285 et seq., 'the court shall confirm the award as made' unless it 'vacates the award or dismisses the proceeding.'  [Citation.]  To the extent the trial court makes findings of fact in this decision, 'we affirm the findings if they are supported by substantial evidence,' but if 'the trial court resolved questions of law on undisputed facts, we review the trial court's rulings de novo.'"  (*Rivera v. Shivers* (2020) 54 Cal.App.5th 82, 89.)

To be clear:  To say our review on this appeal is de novo does not mean we may reconsider the arbitrator's award, much less the evidence that was or was not before the arbitrator.  "'The merits of the controversy between the parties are not subject to judicial review.'  [Citations.]  More specifically, courts will not review the validity of the arbitrator's reasoning.  [Citations.]  Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award.  [Citations.]  [¶] Thus, it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law."  (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11.)  Our de novo review is of

the trial court's determination that none of the statutory grounds for vacating the arbitration award applied.[3]

II.

ANALYSIS

"[T]he court shall vacate the [arbitration] award if the court determines . . . : [¶] . . . [¶] The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title." (§ 1286.2, subd. (a)(5).) Wyer argued in his petition to vacate he was substantially prejudiced by (1) the arbitrator's refusal to allow him to conduct necessary discovery, (2) the arbitrator's reduction of the number of hearing days from 10 to five, and (3) the arbitrator's failure to determine which arbitration agreement applied.

*A. Discovery*

Wyer argues the arbitrator substantially prejudiced him by limiting the number of depositions he could take prior to the arbitration hearing. The arbitrator initially ordered that each party could take five depositions. The arbitrator found there was not good cause for Wyer's later request—made less than two months before the arbitration hearing date—for leave to take as many as 10 additional depositions. The

---

[3] Wyer sought to augment the record on appeal with many volumes of documents including, inter alia, transcripts of the arbitration hearing, deposition transcripts, admitted and non-admitted exhibits, and discovery. We denied the motion to augment because none of those documents were before the trial court. Accordingly, we have not considered Wyer's citations in his appellate brief to the documents attached to the motion to augment. We also have not considered the documents attached to his appellate briefs that were not before the trial court. (Cal. Rules of Court, rule 8.204(d) ["A party filing a brief may attach copies of exhibits or other materials in the appellate record or copies of relevant local, state, or federal regulations or rules, out-of-state statutes, or other similar citable materials that are not readily accessible. These attachments must not exceed a combined total of 10 pages"].)

6

arbitrator did, however, permit Wyer to exceed the five deposition limit if more than one person from Tesla was required to address the topics set forth in Wyer's PMK notice of deposition.

The parties' arbitration provision here does not authorize full discovery rights. (See § 1283.1, subd. (b); *Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 396–397.) The arbitration provision provides the JAMS rules apply. Those rules provide: "Each Party may take at least one deposition of an opposing Party or an individual under the control of the opposing Party. The Parties shall attempt to agree on the number, time, location, and duration of the deposition(s). Absent agreement, the Arbitrator shall determine these issues, including whether to grant a request for additional depositions, based upon the reasonable need for the requested information, the availability of other discovery and the burdensomeness of the request on the opposing Parties and the witness."

The arbitration provision also gives the arbitrator "authority to compel adequate discovery." "'Adequate discovery is indispensable for the vindication of statutory claims.' [Citation.] '"[A]dequate" discovery does not mean unfettered discovery . . . .'" (*Baxter v. Genworth North America Corp.* (2017) 16 Cal.App.5th 713, 727.)

An arbitrator has great latitude and discretion when deciding discovery-related matters. (§ 1283.05; *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 164.) A claimant like Wyer, who is pursuing relief under FEHA, is "entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses, as determined by the arbitrator(s) and subject to limited judicial review pursuant to Code of Civil Procedure section 1286.2." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 106 (*Armendariz*).) "We recognize, of course, that a limitation on discovery is one important component of the 'simplicity, informality, and expedition of arbitration.' [Citation.] The

7

arbitrator and reviewing court must balance this desirable simplicity with the requirements of the FEHA in determining the appropriate discovery, absent more specific statutory or contractual provisions." (*Id.* at p. 106, fn. 11.)

Wyer sought leave to take the depositions of the following: (1) Mahadevan Virudhagiri, who allegedly made the decision to terminate Wyer's employment; (2) the Tesla PMK on four topics;[4] (3) Palaneeswar Chittoor, who Wyer claimed replaced him after Wyer's employment was terminated; (4) Alex Poniz; (5) Dayana Hijaz; (6) Maira Malik; and (7) Marc Artigas-Sanchez. The latter four witnesses—Poniz, Hijaz, Malik, and Artigas-Sanchez—worked with Wyer on his team at Tesla. Wyer told the arbitrator he believed each of these witnesses would "recall personal accounts of [Wyer's] performance and [the witness's own] performance ranking compared to [Wyer] are highly relevant, considering [Wyer's] termination was based on [Wyer] ranking lower than [the] witness on Defendant Rollins's 'Stack and Rank List'—which has only been produced as a scratch-excel-table that was never finalized."

In addition to himself, Wyer called the following individuals to testify at the arbitration hearing: Virudhagiri, Travis Wilson (Tesla senior product manager), defendant Schafer, defendant Rollins, Allison Arebalo (Tesla senior manager of general/administrative and human resources), and Hijaz. Wyer also called expert witnesses Dr. Pauline Sacks (his treating psychiatrist), Dr. Jacqueline Nolan (a forensic psychologist), and Dr. Roman Garagulagian (an economic expert). Wyer and Tesla

---

[4] The topics noticed for the Tesla PMK were (1) the company's 2018 reduction in force, (2) the company's 2019 reduction in force, (3) Tesla's policies and procedures regarding the 2018 and 2019 reductions in force and how those policies and procedures were applied to Wyer, and (4) Tesla's "[p]olicies and procedures regarding addressing employee complaints of workplace injuries, including referring employees to medical care through Tesla's workers' compensation medical provider network, accommodating employees with work related stress or other work-related injuries/medical conditions, and engaging the interactive process to address employees with work-related injuries/medical conditions, and the application of those policies and procedures to Mr. Wyer."

submitted a joint list of stipulated facts regarding Chittoor's date of birth, starting salary, and changes in compensation.

In his petition to vacate the arbitrator's award, Wyer did not identify any particular depositions he was prevented from taking. In his appellate briefs, Wyer contends the arbitrator acted prejudicially by preventing him from taking depositions of Chittoor, Dr. Nathan Ford, and Dr. Lorraine Sunday. But he also related what Dr. Ford said in his deposition conducted by Tesla; thus, it appears Wyer did have an opportunity to question Dr. Ford in discovery during one of Tesla's five depositions. Although Wyer says the arbitrator prevented him from taking necessary depositions, he never explains what the precluded deposition testimony would have shown, what it might have led to, or how the absence of such testimony prejudiced his ability to present his claims. We conclude Wyer failed to show he was substantially prejudiced by the arbitrator's limit on the number of depositions he was permitted to take.

B. *The Arbitration Hearing*

Wyer also argues the arbitrator substantially prejudiced him by reducing the number of hearing days from 10 to five. The JAMS rules grant the arbitrator significant discretion in setting the hearing: "The Arbitrator, after consulting with the Parties that have appeared, shall determine the date, time and location of the Hearing." An "arbitrator has broad discretion in conducting the hearing and ruling on admission of evidence. [Citations.] And he is not required to follow the rules of evidence and procedure." (*Evans v. Cornerstone Development Co., supra*, 134 Cal.App.4th at p. 164.)

Wyer contends the shortened length of the hearing prevented him from calling as witnesses the individuals he was not able to depose. In his motion to vacate the arbitrator's award, Wyer did not identify any specific witnesses he was unable to call in support of his claims due to the limit on the number of hearing days. In his appellate briefs, Wyer identified four individuals he wanted to call to testify (Jezabel Serrano, Ramya Makam, Ryan Flores, and Alex Poniz). He does not, however, explain what the

9

substance of their testimony would have been, or how his claimed inability to present their testimony substantially prejudiced him. (Only one of these individuals—Poniz— appears on the list of depositions Wyer's counsel sought leave to take before the hearing.) Wyer acknowledges these four individuals no longer work for Tesla or are "'missing.'" He does not indicate how having more days of arbitration hearing would have made a difference if the witnesses he intended to call could not be located. Nor does he offer evidence Tesla prevented him from learning where those witnesses were. Wyer fails to identify any witnesses he had located and who could be compelled to testify that he was unable to call, or any documentary evidence he could not present, because of the reduced hearing time. We conclude Wyer failed to establish he was substantially prejudiced by the arbitrator's limit on the number of days (or hours) allotted for the hearing.

## C. Arbitration Agreement

In his petition to vacate, Wyer argued the underlying arbitration agreement was not valid and enforceable and, in any event, it was "ambiguous which arbitration agreement controlled the Arbitration." Neither argument has merit.

In ordering the matter to arbitration, the trial court found the governing arbitration provision was set forth in the Agreement between Wyer and Tesla and that it was valid and enforceable. (§§ 1281, 1281.2.) As the arbitration proceeding progressed, Wyer refused to stipulate that the arbitration provision in the Agreement governed his claims because he maintained both employment contracts (the SolarCity employment contract and the later Tesla Agreement) were contracts of adhesion. In the final arbitration award, the arbitrator reiterated that the arbitration clause in the Agreement governed the parties' dispute.

Wyer argues on appeal the arbitration provision in the Agreement was unconscionable. Although Wyer did not raise this argument in his petition to vacate the arbitration award, he did raise it in his opposition to Tesla's petition to compel

10

arbitration, and the trial court ruled on it.[5] In sending the matter to arbitration, the court found the Agreement may have been procedurally unconscionable because Wyer was required to sign it to keep his job after Tesla acquired Wyer's employer, SolarCity. But it found any arguable procedural unconscionability was "limited" because the "Employee Transfer Agreement is four pages long. The terms of [the] arbitration provision are set forth clearly in four separate paragraphs. The font size and typeface of the arbitration provision is the same as the remainder of the Employee Transfer Agreement. . . . Further, [Wyer] appears to have had approximately a week to consider the paperwork." We agree with the trial court that any arguable procedural unconscionability in the Agreement was limited.

But procedural unconscionability alone is not sufficient to render an arbitration provision unenforceable. The party challenging an arbitration provision must show it is both procedurally and substantively unconscionable. (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 247.)

To avoid being substantively unconscionable, an arbitration provision in an employment contract must (1) provide for neutral arbitrators, (2) provide for more than minimal discovery, (3) require a written award, (4) provide for all of the types of relief that would be available in court, and (5) not require employees to pay either unreasonable

---

[5] When a trial court's determination of arbitrability presents a pure question of law, our review is de novo. (*Caballero v. Premier Care Simi Valley LLC* (2021) 69 Cal.App.5th 512, 517–518.) When it is based on a resolution of disputed facts, we review for substantial evidence. (*Id.* at p. 518.) Assuming the unconscionability issue is properly before us on an appeal from the judgment confirming the arbitration award, our conclusion would be the same under either standard of review.

Wyer's opposition to Tesla's motion to compel arbitration was filed late, and the trial court exercised its discretion to reject it. (Cal. Rules of Court, rule 3.1300(d); *Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1210.) Therefore, the argument about the Agreement's unconscionability was not properly before the court. The court nevertheless analyzed the alleged unconscionability of the Agreement and found that argument would not change its ruling that Wyer's claims were subject to arbitration under the Agreement.

11

costs or any arbitrators' fees or expenses. (*Armendariz, supra*, 24 Cal.4th at p. 102.) The arbitration provision in the Agreement between Tesla and Wyer meets these standards.

Finally, we reject Wyer's argument that there is some ambiguity or confusion as to which arbitration provision applied to his claims against Tesla and its employees. The Agreement between Tesla and Wyer—which Wyer signed—was attached to the petition to compel arbitration as the controlling contract between the parties. The trial court based its order compelling arbitration on the arbitration provision in that Agreement. It is true Wyer was a party to a prior employment agreement with SolarCity that also contained an arbitration provision. But if there were any genuine confusion or ambiguity about which provision applied to Wyer's claims against Tesla, it would be resolved by the plain language of the later Agreement, which provides, in relevant part: "This employee transfer agreement constitutes the complete, final and exclusive embodiment of the entire agreement between you and Tesla with respect to the terms and conditions of your employment, and it supersedes any other agreements or promises made to you by anyone, whether oral or written."[6]

In sum, we conclude the Agreement contains the applicable arbitration provision, there was no ambiguity as to which arbitration provision governed Wyer's claims, and the arbitration provision was neither invalid nor unenforceable.

### III.

### NEW ARGUMENTS

Several arguments raised by Wyer in his appellate briefs were not raised in his petition to vacate the arbitration award, and they are not properly before this court. "[A] party's brief cannot make arguments that rely on facts either outside the record or improperly included within it; statements in the briefs based on such matter are

---

[6] In any event, Wyer does not argue there is any difference between the terms of the two arbitration provisions such that application of the employment agreement with SolarCity to his dispute with Tesla would have affected the outcome of this case.

12

disregarded by the appellate court." (*Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1310.) "'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried. This rule is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal . . . .' [Citation.] 'New theories of defense, just like new theories of liability, may not be asserted for the first time on appeal.' [Citation.] '"Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. . . . Bait and switch on appeal not only subjects the parties to avoidable expense, but also wreaks havoc on a judicial system too burdened to retry cases on theories that could have been raised earlier."'" (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.)

We decline to consider the arguments Wyer asserted for the first time on appeal. [7]

---

[7] These arguments include, e.g.: (1) JAMS and Tesla have a financial relationship by which Tesla pays to obtain good results, (2) Tesla's attorneys suppressed evidence from the arbitrator, (3) Tesla's attorney's fraudulently manipulated evidence, (4) Tesla's witnesses were not credible, (5) Wyer's forensic psychologist expert witness prepared a rebuttal report to the report prepared by Tesla's psychologist expert, but the rebuttal report was not included on the joint exhibit list, (6) the trial court did not see the evidence that was before the arbitrator, and (7) the arbitrator was prejudiced in favor of Tesla and against Wyer.

13

DISPOSITION

The judgment is affirmed.  Respondents shall recover costs on appeal.



GOODING, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


DELANEY, J.

14